# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
March 10, 2009 Session

## ELIZABETH LEANNE HUDSON v. LARSON DOUGLAS HUDSON

**Appeal from the Eighth Circuit Court for Davidson County**
**No. 06D-533     Carol Soloman, Judge**

**No. M2008-01143-COA-R3-CV - Filed November 3, 2009**

D. MICHAEL SWINEY, J., concurring in part and dissenting in part.

I respectfully dissent from the majority's decision to affirm the Trial Court's judgment granting Mother's request to relocate with the children. I agree with the majority's decision that the Trial Court erred in awarding attorney's fees to Mother.

I agree with almost all of the majority's analysis concerning whether there was a reasonable purpose for Mother's relocation to Kentucky. I agree with the majority that Father's motivations regarding his resignation from his job are immaterial to the relocation issue for the reasons stated by the majority. I agree with the majority that Mother's purported economic reasons for relocation as stated by Mother are woefully insufficient. I believe Mother's complete failure to even begin to look for employment in Nashville says much about not only the reasonableness of the relocation but also her purpose in relocating in the first place. I further agree with the majority that Mother's complaints about the country club incident and the neighborhood gossip are nothing more than social consequences of divorce and are not a reasonable basis to relocate.

Where I part from the majority is its determination that Mother's familial support in Hopkinsville, by itself, is sufficient to provide a reasonable basis for the relocation. I believe the evidence more than preponderates against this finding by the Trial Court. The record is clear that there will be no great increase in family support to Mother by her moving to an area where her family consists of a grandmother who, unfortunately, has dementia, a mother who runs her own business and is the caregiver of Mother's grandmother, and an aunt and uncle who are so busy in their lives that they can provide even very little help in caring for their own mother. It appears to be unquestioned that Father provided not only financial support but other support for the children. I am especially troubled by, and find exceptionally revealing, the Trial Court's statement that "There is nothing negative about the move to Hopkinsville except that the children will not get to see their Father quite as much as they do now...." The fact that the children will have to see their Father less because of the move is a relevant fact that should not be dismissed as inconsequential.

Additionally, I agree with the majority when it states that Mother's timing concerning Father's resignation and her decision to relocate is "slightly suspicious...", although I would say it is more than just "slightly." The real purpose of Mother's relocation is even more apparent in light of the majority's decision, with which I agree, "that the economic reasons for relocation presented by Mother are insufficient." A review of all the evidence present in the record, as set forth in the majority's Opinion, shows the evidence preponderates in favor of a finding that Mother's relocation is not for a reasonable purpose but instead is vindictive under the statute.

Tenn. Code Ann. § 36-6-108 applies in this case because Mother is, in fact, moving outside the state. That a move outside the state is a move of less than one hundred miles is immaterial under the statute as enacted by our General Assembly. I disagree with the majority when it agrees with the Trial Court's having found that the short distance between Hopkinsville and Nashville somehow militates towards the reasonableness of the relocation. Apparently the sixty miles between Nashville and Hopkinsville is of a sufficient distance so as to prevent Mother's family in Hopkinsville from providing her any support in Nashville. Yet this same sixty miles is at the same time such a short distance so as to support the move being for a reasonable purpose. I am at a loss as to how the same sixty miles is such a barrier to Mother's Hopkinsville family that it prevents their providing her any support in Nashville, and yet at the same time is such a short distance as it actually supports there being a reasonable purpose for Mother's relocation. Both the Trial Court and the majority in focusing on this "short distance" ignore the most obvious result of the move, the children are being forced to spend less time with their Father even though the evidence, I believe, preponderates in favor of a finding that the relocation is not for a reasonable purpose but instead is vindictive under the statute.

Finally, having found that the evidence preponderates in favor of a finding that Mother's relocation is not for a reasonable purpose and that it is, in fact, vindictive, I also would find that the evidence preponderates in favor of a finding that the relocation to Hopkinsville is not in the children's best interest. While the children likely would have better access, at least to a small extent, to additional members of Mother's family, the children also would be forced to spend less time with their Father. There is no proof in the record that this trade off would be beneficial to the children. The evidence is clear that the children will be leaving a superior school in Nashville to attend a different school in Hopkinsville. The children will have to spend additional travel time on the road in order to spend what will be less time with their Father. I find nothing in the record that supports any finding that it is in the children's best interest to relocate.

For these reasons, I respectfully dissent from the majority's Opinion to the extent the majority affirms the Trial Court's decision to permit Mother's relocation. I would reverse the decision of the Trial Court and deny Mother's request to relocate.

_____
D. MICHAEL SWINEY, JUDGE